UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE SOUTHERN NEW ENGLAND TELEPHONE COMPANY,<br>    Plaintiff,<br>vs.<br><br>GLOBAL NAPS, INC., GLOBAL NAPS NEW HAMPSHIRE, INC., GLOBAL NAPS NETWORKS, INC., GLOBAL NAPS REALTY, INC., AND FERROUS MINER HOLDINGS, INC.,<br>    Defendants,<br>and<br><br>CONVERGENT NETWORKS, INC., and FRANK T. GANGI,<br>    Reach and Apply Defendants. | Civil Action No. 08-12052-NMG |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF CONVERGENT NETWORKS, INC. AND FRANK T. GANGI'S OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION, AND THEIR MOTION TO VACATE THE TEMPORARY RESTRAINING ORDER**

The reach and apply defendants, Convergent Networks, Inc. ("Convergent") and Frank T. Gangi, respectfully submit this supplemental memorandum in support of their opposition to the plaintiff's motion for a preliminary injunction and their motion for vacate the temporary restraining order. The plaintiff must prove a "substantial likelihood of success on the merits" of its claim against the defendants but, as this supplementation will show, the Connecticut district court did not have subject matter jurisdiction over the case, or personal jurisdiction over the veil piercing defendants, to begin with.[1]

---

[1] The defendants in that case have appealed the judgment to the Second Circuit, No. 08-4518-cv.

**1.      The Connecticut district court lacked jurisdiction over the action.**

It is well settled that any final judgment entered by a court, on default grounds or otherwise, is invalid if the court is found to have lacked subject matter jurisdiction over the plaintiff's claim.  *Hernandez v. Conriv Realty Associates*, 182 F.3d 121, 123 (2d. Cir. 1999); *In re: Orthopedic "Bone Screw" Products Liability Litigation (MDL NO. 14)*, 132 F.3d 152, 157 (3d Cir. 1997) ("where jurisdiction is found to be lacking, there can be no adjudication of the merits of the case" including "imposition of a sanction which will terminate the case.").  Here, the Connecticut court did not have jurisdiction over the case because it was a dispute between telecommunication carriers that should have been decided by the Connecticut Department of Public Utilities Commission in the first instance.  Only after the state Commission has rendered a decision could SNET have appealed the matter to the federal districft court under the Telecommunications Act of 1996 ("Act"), 47 U.S.C. § 252.

The great weight of judicial authority is to the effect that the jurisdiction of federal district courts is strictly limited by the Act to hearing appeals brought by parties aggrieved by decisions of the state commissions regarding their ICAs, and that they lack jurisdiction to interpret ICAs in the first instance.  *Core Communication, Inc. v. Verizon Pa., Inc.*, 493 F.3d 333, 344 (3d Cir. 2007), is the leading case on point.  There, the Third Circuit held:

> Pursuant to the FCC's guidance, we hold that the interpretation and enforcement actions that arise after a state commission has approved an interconnection agreement must be litigated in the first instance before the relevant state commissions.  *A party may then proceed to federal court to seek review of the commission's decision or move on to the appropriate trial court to seek damages for a breach, if the commission finds one*.

*Id.*, 493 F.3d at 344 (3d Cir. 2007) (emphasis added).

Similarly, as held by the Eleventh Circuit:

> [T]he language of § 252 persuades us that in granting to the public service commissions the power to approve or reject interconnection agreements, Congress intended to include

2

> *the power to interpret and enforce in the first instance* and to subject their determination to challenges in the federal courts.
>
> \* \* \* \*
>
> A court might ascribe to the agreement a meaning that differs from what the state commission believed it was approving – indeed, the agreement as interpreted by the court may be one the state commission would never have approved in the first place. To deprive the state commission of the authority to interpret the agreement that it has approved would thus subvert the role that Congress has prescribed for state commissions.

*BellSouth Telecomm., Inc. v. MCImetro Access Transmission Servs., Inc.* 317 F.3d 1270, 1278 n. 9 (11th Cir. 2003)(*en banc*); *Southwestern Bell Tel. Co. v. PUC*, 208 F.3d 475, 479-80 (5th Cir. 2000). See also, *AT&T Communications. v. Illinois Bell Telephone Co*., No. 97 C 0886, WL 525437, *5 (N.D. Ill., 1998) ("[P]laintiff's request would require [the] court to review issues that were not the subject of the [Illinois Commerce Commission's] determination. Accordingly, this court finds that subject matter jurisdiction is lacking."; *AT&T Communications of Ohio, Inc. v. Ohio Bell Telephone Co.,* 29 F.Supp.2d 855, 856 (S.D. Ohio 1998) ("[T]his Court is given jurisdiction only in 'any case in which the state commission makes a determination.' 47 U.S.C. §252(e)(6)…. The statutory scheme does not permit this Court to review disputes arising out of interconnection agreements not previously subject to action by a state commission." ); *Indiana Bell Tel. Co. v. McCarty*, 30 F.Supp.2d 1100, 1104 (S.D. Ind. 1998) ("The commission has not had the opportunity to address the issues raised in AT&T's counterclaims and circumventing the commission would jeopardize the entire system of review established by the Act."); *Pacific Bell Telephone Co. v. Global NAPs California, Inc.*, 05-CV-7734, 7 (C.D.Ca. 2007).

By considering the plaintiff's claims in the first instance the Connecticut court overstepped its jurisdiction and the defendants expect that their appeal will be successful on that ground.[2]

---

[2] The defendants' appellate brief to the Second Circuit is attached hereto as Exhibit A.

**2.     The Connecticut court's waiver theory was aberrant because lack of subject matter jurisdiction may be raised at any time.**

The reason the Connecticut court gave for believing it had jurisdiction was that it interpretted section 252 of the Act as creating only an "exhaustion of remedies" requirement, rather than a jurisdictional bar and the defendants had waived it.  However, in refusing to follow the above cases, the ruling of the court below was aberrant.  Moreover, the court below failed to acknowledge that not all exhaustion requirements are waivable.  The Second Circuit and others distinguish judicially-created exhaustion requirements from those, like this one, arising under statutes in which Congress has created a system requiring technical expertise and policy input.  *See, e.g., Beharry v. Ashcroft*, 329 F.3d 51 (2d. Cir. 2003).  In such situations, federal trial courts have no discretion to try such cases in the first instance or resist motions to dismiss. The Connecticut court ignored all of this case law.  Instead, it cited and relied upon three cases (not cited by the parties): *Paese v. Hartford Life and Accident Ins. Co.*, 449 F.3d 435 (2d Cir. 2006); *Lin Zhong v. United States DOJ*, 480 F.3d 104 (2d Cir. 2006); and *Richardson v. Goord*, 347 F.3d 431 (2d Cir. 2003), none of which concerned the TCA or involved evasion of a congressional grant of power to a regulatory commission with quasi-judicial powers.

Confronted with the decision in *Pacific Bell, supra*, which ruled for Global on nearly identical facts (a two-year delay before moving for dismissal under Rule 12(b)(1)), the district court chose simply to reject it.  Nor does its opinion analyze whether the exhaustion requirement in ICA disputes derives from the logic of the statutory scheme, or is merely for judicial convenience. Actually, as the opinion in *BellSouth Telecomm., supra,* stresses, the statutory grant of plenary authority to commissions to fashion, with FCC guidance, a national law of pro-competitive cost-based interconnection for new entrants logically requires that federal courts be limited to a review

4

function, as spelled out in 47 U.S.C. § 252, and refrain from what happened in this case: interpretation and enforcement of disputed ICA charges by a district court in the first instance.

**3.    The Connecticut court lacked personal jurisdiction over the veil piercing parties.**

As to the other parties, the default judgment was improper because the district court never had personal jurisdiction over them in the first place, and it erroneously denied their several motions to dismiss under Rule 12(b)(2) for want of personal jurisdiction.[3]  Imposition of a default under Rule 37(b), even if otherwise within the range of a trial court's discretion, is valid only if the court had personal jurisdiction.  *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1137-38 (5th Cir. 1980).  In this case, it did not.

In light of the above, the plaintiff does not have a substantial likelihood of success on the merits and its motion for the injunction should be denied.

Dated: December 18, 2008                    Respectfully submitted by,

/s/ William J. Rooney, Jr.
William J. Rooney, Jr (BBO #: 426920)
LAW OFFICE OF WILLIAM J. ROONEY, JR.
89 Access Road
Norwood, MA 02062
(617) 687-1405
(617) 507-4015 Fax
*Attorney for Convergent Networks, Inc. and Frank T. Gangi*

---

[3] A copy of the memorandums in support of their motions and the supporting documents are attached hereto as Exhibit B.