UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NOS. 02-12489-RWZ, 05-10079-RWZ

GLOBAL NAPS, INC.

v.

VERIZON NEW ENGLAND INC.

v.

GLOBAL NAPS NEW HAMPSHIRE, INC.; GLOBAL NAPS NETWORKS, INC.; GLOBAL NAPS REALTY, INC.; CHESAPEAKE INVESTMENT SERVICES, INC.; 1120 HANCOCK STREET, INC.; FERROUS MINER HOLDINGS, LTD; CJ3, INC.; RJ EQUIPMENT, INC.; 321 HEATH STREET REALTY TRUST, MICHAEL COUTURE, TRUSTEE; and FRANK GANGI

ORDER

December 18, 2008

ZOBEL, D.J.

This case on December 17, 2008, having come before this court on Verizon New England Inc.'s Motion for a Preliminary Injunction (Docket # 491), and

WHEREAS Defendant and Plaintiff in Counterclaim Verizon New England Inc. ("Verizon") has sought a preliminary injunction against Defendants in Counterclaim Frank Gangi; Ferrous Miner Holdings, Ltd.; Global NAPs, Inc.; Global NAPs New Hampshire, Inc.; Global NAPs Realty, Inc.; and Global NAPs Networks, Inc. (collectively, the "Defaulting Defendants"), this court finding that entry of such an injunction is appropriate and necessary; and

WHEREAS, As a result of orders entered by this court after an evidentiary

hearing on Verizon's motion for sanctions under Rule 37 and the court's findings of fact the Defaulting Defendants are precluded from contesting Count III of Verizon's amended counterclaims and therefore are jointly and severally liable to Verizon for any Global NAPs, Inc. ("GNAPs") debt established by a judgment entered in the above captioned matter.  GNAPs is further precluded from asserting that less than 90% of the minutes of use at issue in this case is intrastate traffic; is precluded from asserting that the applicable rate for access charges at issue in this case is less than $0.00525 per minute; and has admitted that the total amount of minutes at issue in this case is in excess of 10 billion minutes.  As a result, Verizon has a likelihood of successfully establishing that GNAPs and the Defaulting Defendants are liable for a significant judgment on the amount of damages to be paid.  Based on earlier rulings of this court, including the finding that the Defaulting Defendants destroyed financial and other records, and the materials recently submitted by Verizon, it is established that absent entry of injunctive relief, GNAPs and the Defaulting Defendants will alienate or otherwise impair assets, causing irreparable harm to Verizon.[1]

Therefore, Verizon's motion (Docket # 491) is ALLOWED and pending any further order that may affect the scope, nature or duration of this Order, it is hereby ordered pursuant to Federal Rules of Civil Procedure 64 and 65 that:

1.    Ferrous Miner Holdings, Ltd.; Global NAPs, Inc.; Global NAPs New Hampshire,

---

[1] The other two factors considered – the balance of relevant impositions and the effect on the public interest, see Charlesbank Equity Fund II v. Blinds To Go, Inc., 370 F.3d 151, 161-62 (1st Cir. 2004) – also weigh in Verizon's favor, although to a lesser degree.

Inc; Global NAPs Realty, Inc.; and Global NAPs Networks, Inc., and their directors, officers, trustees and beneficiaries, employees, agents and attorneys, in either their individual or corporate capacities, and anyone working on any of their behalf, directly or indirectly, are enjoined from alienating, transferring, encumbering or otherwise diminishing any interest any of them may have in any real and personal property, including, but not limited to, shares of RJ Equipment, Inc., CJ3, Inc., 1120 Hancock Street, Inc., Chesapeake Investment Services, Inc., 1003 Donnelly Avenue, Inc., BABP (VI), LLC, BABP, LLC, Convergent Networks, Inc., BroadVoice, Inc., Global NAPs, Inc., Global NAPs Realty, Inc., Global NAPs Networks, Inc., Global NAPs New Hampshire, Inc., and Ferrous Miner Holdings, Ltd., except that this Order shall not preclude the enjoined parties from taking such actions as are reasonable and necessary to the ongoing and continued operation of the business in the ordinary course of business, including the payment of reasonable attorneys' fees for the provision of legal services, and except as to such property as is exempt from execution; and

2.  Frank Gangi, individually and in his capacity as a director, officer, employee, agent, trustee, partner, member or beneficiary of the entities identified in paragraph 1 of this Order, and anyone working on his behalf, directly or indirectly, is enjoined from alienating, transferring, encumbering or otherwise diminishing any interest Frank Gangi may have in any real and personal property, including, but not limited to, shares of RJ Equipment, Inc., CJ3, Inc.,

3

1120 Hancock Street, Inc., Chesapeake Investment Services, Inc., 1003 Donnelly Avenue, Inc., BABP (VI), LLC, BABP, LLC, Convergent Networks, Inc., BroadVoice, Inc., Global NAPs, Inc., Global NAPs Realty, Inc., Global NAPs Networks, Inc., Global NAPs New Hampshire, Inc., and Ferrous Miner Holdings, Ltd., except that this Order shall not apply to the reasonable and necessary personal and living expenses of Frank Gangi up to $10,000 per month[2] and Frank Gangi may establish a separate escrow account and deposit an additional $10,000 each month into escrow for the sole purpose of paying real property taxes on the Heath Street property as they become due,[3] and except as to such property as is exempt from execution; and

3. A bond in the amount of $5,000 shall be posted by Verizon in conformity with Federal Rule of Civil Procedure 65(c).[4]

In the same motion (Docket # 491) Verizon has requested an order authorizing expedited discovery as to the assets of the Defaulting Defendants. However, as neither party has addressed this issue in its briefs or at oral argument, the court

---

[2] The court understands that pursuant to an order in the case of Southern New England Telephone Co. v. Global NAPs, Inc., Civ. A. No. 3:04-02075-JCH (D. Conn. filed Dec. 7, 2004) (the "SNET case"), Mr. Gangi is enjoined from spending more than $10,000 per month in reasonable and necessary personal and living expenses. The amount permitted in the present order is inclusive of, and not in addition to, the $10,000 permitted in the SNET case.

[3] The maximum amount that may be deposited into the escrow account per month is $10,000. Any amounts in the escrow account left over after the next tax payment due on February 1, 2009, are subject to this Order.

[4] If Verizon has already posted a bond pursuant to this court's December 9, 2008, Order, it is not required to post another.

declines to rule on it at this time.

| | |
|---|---|
| <u>     December 18, 2008     </u><br>DATE | <u>          /s/Rya W. Zobel          </u><br>RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |