```
                    United States District Court
                      District of Massachusetts
_____
                              )
THE SOUTHERN NEW ENGLAND      )
TELEPHONE COMPANY             )
                              )
        Plaintiff,            )   Civil Action No.
                              )   08-12052-NMG
        v.                    )
                              )
GLOBAL NAPS, INC., GLOBAL NAPS)
NEW HAMPSHIRE, INC., GLOBAL NAPS)
NETWORKS, INC., GLOBAL NAPS   )
REALTY, INC. AND FERROUS MINER)
HOLDINGS, LTD.                )
                              )
        Defendants.           )
                              )
CONVERGENT NETWORKS, INC. AND )
FRANK T. GANGI                )
                              )
        Reach and Apply       )
        Defendants.           )
_____)
```

**Preliminary Injunction**

**GORTON, J.**

Upon consideration of the extensive pleadings filed by the parties and oral argument held today, and for the reasons set forth in a Memorandum and Order which will follow, the Court finds that the plaintiff has demonstrated that, as a judgment creditor of defendants Global Naps, Inc., Global Naps New Hampshire, Inc., Global Naps Networks, Inc., Global Naps Realty, Inc. and Ferrous Miner Holdings, Ltd. (collectively "the Defendants"), there is a substantial likelihood that it will

-1-

prevail on its claim of fraudulent transfer and become entitled to certain property that was transferred by the Defendants to Convergent Networks, Inc. ("Convergent") and Frank T. Gangi ("Gangi") (collectively "the Reach and Apply Defendants"). Plaintiff has further demonstrated that, in the absence of a preliminary injunction, there is a serious risk that such property will be disbursed or transferred beyond its reach by the Reach and Apply Defendants, to its irreparable harm.

Wherefore, pursuant to Fed. R. Civ. P. 64 and 65, it is hereby ordered that, from the date of this order until further order of this court:

1)  Convergent and its divisions or affiliates (including, but not limited to, Convergent Information Systems), directors, officers, trustees and beneficiaries, employees, agents and attorneys, in either their individual or corporate capacities, and anyone working on their behalf, directly or indirectly, are hereby enjoined from alienating, transferring, encumbering or otherwise diminishing any interest it (or they) may have in any real and personal property, as well as shares of stock owned by it (or them) and, specifically, without limiting the foregoing, Convergent is enjoined from transferring or encumbering its interest in Broadvoice, Inc.;

2)  this order shall not preclude Convergent from taking such actions that are reasonable and necessary to the ongoing and continued operation of its business in the ordinary course of business, including the payment of reasonable attorneys' fees for the provision of legal services and Convergent's legitimate payroll accounts;

3)  Gangi, and anyone working on his behalf, directly or indirectly, is hereby enjoined from alienating, transferring, encumbering or otherwise diminishing any

        interest Gangi may have in any real and personal property, as well as shares of stock owned by Gangi, specifically including, but not limited to, shares of stock or other interest that Gangi holds in the following entities: BABP (VI), LLC; Ferrous Miner Holdings, Ltd.; 1003 Donnelly Ave., Inc.; 1120 Hancock Street, Inc.; Sahara and Arden, Inc.; CJ3, Inc.; RJ Equipment, Inc.; AirMaryland, Inc.; 959 Group of N.H., Inc.; Cable Internet Access, Inc.; Chesapeake Investment Services, Inc.; Carrera GT, Inc. and 9 Executive Park Drive, Inc.;

4) this order shall not apply to the reasonable and necessary personal and living expenses of Gangi up to $10,000 per month nor to reasonable attorneys' fees incurred by Gangi for legal services rendered to him personally and Gangi may establish a separate escrow account and deposit an additional $10,000 each month into escrow for the sole purpose of paying real estate taxes on the Heath Street property in Brookline, Massachusetts as they become due; and

5) the plaintiff, pursuant to Fed. R. Civ. P. 65(c), shall, on or before the close of business on Wednesday, January 7, 2009, post a security bond in the amount of One Hundred Thousand Dollars ($100,000) (in lieu of the previously-posted security bond in the amount of Five Thousand Dollars ($5,000)) to secure any costs and damages that may be incurred or suffered by the Reach and Apply Defendants should it later be determined that this preliminary injunction was improvidently entered.

**So ordered.**

                                          /s/ Nathaniel M. Gorton
                                        Nathaniel M. Gorton
                                        United States District Judge

Dated: December 31, 2008